In the matter of administration of estate of Elwood S. Sanderson.

---

In the matter of the administration of the estate of ELWOOD S. SANDERSON, deceased, late of Essex county.

A bequest to a wife for life with remainder to her children, excluded her husband from all control over it. *Held*, that he was not thereby deprived of his right, as next of kin, to the share of a child who died intestate after the wife.

NOTE.—To the same effect, see *Gardenhire* v. *Hinds*, 1 *Head* (*Tenn.*) 402.—REP.

In the matter of administration of estate of Elwood S. Sanderson.

Appeal from decree of distribution of the orphan's court of Essex county.

*Mr. Charles Borcherling*, for the appellants.

*Mr. S. Howell Jones*, for respondent.

THE ORDINARY.

John Haviland, deceased, by his will gave to his daughter a life estate in his property with remainder to her children, and excluded her husband from all control over the property given to her. After her death it was to go to her children. She is dead. One of her children died intestate having never been married. The orphans' court of Essex county, by its decree, directed the administrator of the intestate to pay the surplusage of the intestate's estate to his father as his next of kin. The question raised on this appeal is, whether the father is not excluded from taking the property by the provision of the will of John Haviland; the estate of the intestate having been entirely derived from the above-mentioned gift in remainder. The provision in question excludes the husband of the testator's daughter from any control over the property given to her by the will. It does not attempt to deprive him of his rights as next of kin to his children. The provision was not confined to the father of the intestate, but extended to any other husband the testator's daughter might have. It was merely designed to secure the testator's gift to his daughter to her sole and separate use, and was no more than the provision made by law in that behalf. It cannot have the effect of depriving the father of his right to his deceased child's property as next of kin. The decree will be affirmed with costs.